IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ELIZABETH W. WILSON** | : | |
| *INDIVIDUALLY AND ON BEHALF* | : | |
| *OF ALL OTHERS SIMILARLY SITUATED* | : | |
| | : | |
| **v.** | : | **CIVIL ACTION NO. 23-1073** |
| | : | |
| **MOM'S ORGANIC HOLDING CO.** | : | CLASS ACTION |
| *doing business as* | : | |
| MOM'S ORGANIC MARKET**, ET AL.** | : | |

**ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION
SETTLEMENT; PRELIMINARILY CERTIFYING A CLASS FOR SETTLEMENT
PURPOSES; APPOINTING CLASS COUNSEL; APPROVING FORM AND MANNER
OF NOTICE; PRELIMINARILY APPROVING PLAN OF ALLOCATION;
AND SCHEDULING A DATE FOR A FAIRNESS HEARING**

This Action involves claims for alleged violations of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended by the Consolidated Omnibus Budget Reconciliation Act of 1985 ("COBRA") with respect to alleged violation by Defendant MOM's Organic Holding Co. d/b/a MOM's Organic Market, and MOM's Organic Market, Inc. ("Defendants") of the notice requirements of COBRA.[1]  The terms of the Settlement are set out in the Settlement Agreement, fully executed as of May 6, 2024.

Pursuant to the Plaintiff's Motion for Preliminary Approval of Class Action Settlement, Preliminary Certification of a Class for Settlement Purposes, Appointment of Class Counsel, Approving Form and Manner of Settlement Notice, Preliminarily Approving Plan of Allocation, and Scheduling a Date for a Fairness Hearing, the Court preliminarily considered the Settlement to determine, among other things, whether the Settlement is sufficient to warrant the issuance of

---

[1] All capitalized terms not otherwise defined in this Order shall have the same meaning as ascribed to them in the Settlement Agreement.

notice to members of the proposed Settlement Class. Upon reviewing the Settlement Agreement and supporting papers and the Court having been fully advised in the premises,[2] this 10th day of June, 2024, it is hereby **ORDERED,** as follows:

1. **Preliminary Certification of the Settlement Class.** In accordance with the Settlement Agreement, and pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure, this Court hereby conditionally certifies the following class ("Settlement Class"):

> All participants and beneficiaries in the Defendants' Plan who were not sent a COBRA Notice by Defendants during the Class Period as a result of a qualifying event, as determined by Defendants' records, and did not elect continuation coverage.

The Class Period is from March 20, 2021 through March 20, 2023.

2. Pursuant to the Settlement Agreement, and for settlement purposes only, the Court preliminarily finds that:

(a) as required by FED. R. CIV. P. 23(a)(1), the Settlement Class is ascertainable from records kept with respect to the Plan and from other objective criteria, and the Settlement Class is so numerous that joinder of all members is impracticable.

(b) as required by FED. R. CIV. P. 23(a)(2), there are one or more questions of law and/or fact common to the Settlement Class.

(c) as required FED. R. CIV. P. 23(a)(3), the claims of the Named Plaintiff is typical of the claims of the Settlement Class that the Named Plaintiff seeks to certify.

(d) as required by FED. R. CIV. P. 23(a)(4), the Named Plaintiff will fairly and adequately protect the interests of the Settlement Class in that: (i) the interests of the Named Plaintiff and the nature of the alleged claims are consistent with those of the Settlement Class

---

[2] The Court held a telephonic conference with counsel on June 6, 2024, to clarify certain terms of the proposed settlement and the mechanism for distribution.

members; and (ii) there appear to be no conflicts between or among the Named Plaintiff and the Settlement Class.

(e) as required by FED. R. CIV. P. 23(b)(3), common questions of law and fact appear to predominate over questions affecting only individual persons in the Class; and certification of the Class appears to be superior to other available methods for the fair and efficient resolution of the claims of the Class members interests of the other members not parties to the individual adjudications, or substantially impair or impede the ability of such persons to protect their interests.

(f) as required by FED. R. CIV. P. 23(g), Class Counsel are capable of fairly and adequately representing the interests of the Settlement Class, and that Class Counsel: (i) have done appropriate work identifying or investigating potential claims in the Action; (ii) are experienced in handling class actions; and (iii) have committed the necessary resources to represent the Settlement Class.

3. The Court preliminarily appoints the Named Plaintiff Elizabeth W. Wilson as Class Representative for the Settlement Class and Edelson Lechtzin LLP, as Class Counsel for the Settlement Class.

4. **Preliminary Approval of Proposed Settlement** – The Settlement Agreement is hereby preliminarily approved as fair, reasonable, and adequate. This Court preliminarily finds that:

(a) The Settlement was negotiated vigorously and at arm's-length, by Defense Counsel, on the one hand, the Named Plaintiff and Class Counsel on behalf of the Settlement Class, on the other hand;

(b) Named Plaintiff and Class Counsel had sufficient information to evaluate the

settlement value of the Action and have concluded that the Settlement is fair, reasonable, and adequate;

   (c) If the Settlement had not been achieved, Named Plaintiff and the Settlement Class, faced the expense, risk, and uncertainty of protracted litigation;

   (d) The amount of the Settlement – ($402,380.56) is fair, reasonable, and adequate, taking into account the costs, risks, and delay of litigation, trial, and appeal. The method of distributing the Class Settlement Amount is efficient, relying on Defendants' records. The Settlement terms related to attorneys' fees do not raise any questions concerning fairness of the Settlement, and there are no agreements, apart from the Settlement, required to be considered under FED. R. CIV. P. 23(e)(2)(C)(iv);

   (e) At all times, the Named Plaintiff and Class Counsel have acted independently of the Defendants and in the interest of the Settlement Class; and

   (f) The proposed Plan of Allocation is fair, reasonable, and adequate.

5. **Establishment of Qualified Settlement Fund** – A common fund is agreed to by the Settling Parties in the Settlement Agreement and is hereby established and shall be known as the "Settlement Fund." The Settlement Fund shall be a "qualified settlement fund" as established by IRS regulations. The Settlement Fund shall be funded and administered in accordance with terms of the Settlement.

6. **Fairness Hearing** – A hearing is scheduled for <u>October 8, 2024</u> at 3:30 p.m., In Courtroom 9B, 601 Market Street, Philadelphia, Pennsylvania, to make a final determination, concerning, among other things:

- Any objections from Class Members to the Settlement or any aspects of it.
- Whether the Settlement merits final approval as fair, reasonable, and adequate;

- Whether the Action should be dismissed with prejudice pursuant to the terms of the Settlement;

- Whether Class Counsel adequately represented the Settlement Class for purposes of entering into and implementing the Settlement;

- Whether the proposed Plan of Allocation should be granted final approval; and

- Whether Class Counsel's application(s) for Attorneys' Fees and Expenses and General Release Payment to the Named Plaintiff is fair and reasonable, and should be approved.

7. **Settlement Notice** – The Court approves the form of Notice of Settlement attached to this Order (also found as Exhibit C to the Settlement Agreement, ECF 14). The Court finds that such form of notice fairly and adequately: (a) describes the terms and effects of the Settlement Agreement, the Settlement, and the Plan of Allocation; (b) notifies the Settlement Class that Class Counsel will seek attorneys' fees and litigation expenses from the Settlement Fund, payment of the costs of administering the Settlement out of the Settlement Fund, and for a General Release Payment for the Named Plaintiff; (c) gives notice to the Settlement Class of the time and place of the Fairness Hearing; and (d) describes how the recipients of the Settlement Notice may object to or exclude themselves from any of the relief requested.

8. **Settlement Administrator** – The Court directs that the Settlement Administrator (Analytics Consulting LLC) shall:

(a) By no later than <u>July 10, 2024</u>, cause the Notice of Settlement, with such non-substantive modifications thereto as may be agreed upon by the Parties, to be provided by first-class mail, postage prepaid, to the last known address of each member of the Settlement Class. The

Settlement Administrator shall make reasonable efforts to locate any Class Member whose Settlement Notice is returned and re-send such documents one additional time.

(b) By no later than July 10, 2024, cause the Settlement Notice to be published on an active website identified in the Notice of Settlement, from which Settlement Class Members can download relevant forms, including Settlement-related documents.

(c) The Court finds that the contents of the Notice of Settlement and the process described herein and in the Settlement are the best notice practicable under the circumstances and satisfy the requirements of Rule 23(c) and Due Process.

9. **Petition for Attorneys' Fees, Litigation Expenses and General Release Payment** – Any petition by Class Counsel for attorneys' fees (not to exceed $78,881.30), litigation expenses (not to exceed $627.00) and General Release Payment to the Named Plaintiff (not to exceed $2,500), and all briefs in support thereof, shall be filed no later than August 26, 2024.

10. **Briefs in Support of Final Approval of the Settlement** – Briefs and other documents in support of final approval of the Settlement shall be filed no later than September 27, 2024.

11. **Objections to Settlement** – Any member of the Settlement Class or authorized recipient of any CAFA Notice may file an objection to the fairness, reasonableness, or adequacy of the Settlement, to any term of the Settlement Agreement, to the Plan of Allocation, to the proposed award of attorneys' fees and litigation expenses, to the payment of costs of administering the Settlement out of the Settlement Fund, or to the General Release Payment for the Named Plaintiff. An objector must file with the Court a statement of objection(s), stating the case name and docket number and stating with specificity the grounds for the objection. The statement of objection must also state whether it applies to only the objector, to a specific subset of the class,

or to the entire class; provide the name, address, telephone number, and email address of the Settlement Class Member making the objection; and indicate whether the Settlement Class Member intends to appear at the Final Approval Hearing, either with or without counsel. In addition, any statement of objection must be personally signed by the Settlement Class Member and, if represented by counsel, then also by counsel. The address for filing objections with the Court is as follows:

> Clerk of Court
> United States District Court, Eastern District of Pennsylvania
> James A. Byrne United States Courthouse
> 601 Market Street
> Philadelphia, PA 19106
>
> Re: Wilson v. MOM's Organic Holding Co. d/b/a/ MOM's Organic Market, et al., No. 2:23-cv-01073-GAM (E.D. Pa.)

The objector or his, her, or its counsel (if any) must file the objection(s) and supporting materials with the Court no later than September 9, 2024 and mail a copy of that objection with the requisite postmark to the Settlement Administrator (at the address provided in the Notice of Settlement) no later than September 9, 2024. Any member of the Settlement Class or other Person who does not timely file a written objection complying with the terms of this paragraph shall be deemed to have waived, and shall be foreclosed from raising, any objection to the Settlement, and any untimely objection shall be barred.

12. **Opt-Outs from Settlement.** - Settlement Class Members who wish to exclude themselves from the Settlement must submit a written statement requesting exclusion from the Settlement, postmarked no later than September 9, 2024. Such Opt-Out Request must affirmatively state that the individual wishes to opt-out of the Settlement, state the case name and number, contain the name, address, telephone number, and email address of the Settlement Class Member requesting exclusion, and be personally signed by that Settlement Class Member. The Opt-Out

7

Request must be sent by U.S. Mail to the Settlement Administrator (at the address provided in the Notice of Settlement) and must be timely postmarked on or before September 9, 2024. Any Settlement Class Member who timely requests exclusion from the Settlement will not be entitled to any Settlement Payment and will not be bound by this Settlement or have any right to object, appeal, or comment thereon. No Opt-Out Request may be made on behalf of a group of Settlement Class Members. Each Opt-Out Request must be individually signed.

13.   **Notice Expenses** – The expenses of printing, mailing, and publishing the Settlement Notice required herein shall be paid exclusively from the Settlement Fund.

14.   **Parallel Proceedings** – Pending final determination of whether the Settlement Agreement should be approved, the Named Plaintiff and every Class Member, are prohibited and enjoined from directly, through representatives, or in any other capacity, commencing any action or proceeding in any court or tribunal asserting any of the Released Claims against the Released Parties, including Defendants.

15.   **Continuance of Final Approval Hearing** – The Court reserves the right to continue the Fairness Hearing without further written notice to the Class Members and also may schedule the hearing to be held by telephone or video conference.

/s/ Gerald Austin McHugh
United States District Judge